UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-tp-20082-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VINCENT FLEITAS,

    Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

This cause comes before the Court upon Defendant Vincent Fleitas's ("Fleitas") Motion to Reduce Sentence. DE 21. Fleitas seeks his release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. He presently is confined at Pekin FCI serving a 151-month sentence after pleading guilty to bank robbery by intimidation [Case No. 9:17-cr-80120 (S.D. Fla.) at DE 32] and a consecutive 24-month sentence after the revocation of his supervised release for a different bank-robbery conviction [Case No. 1:17-tp-20082 (S.D. Fla.) at DE 17]. The Court has carefully reviewed the Motion to Reduce Sentence and the record and is otherwise fully advised in the premises. For the reasons set forth below, Fleitas's Motion is denied.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*  In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable.  *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist.  *See* U.S.S.G. § 1B1.13 (policy statement), application note 1.  One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.* § 1B1.13, application note 1(A)(ii)(I).  Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  *Id.* § 1B1.13, application note 1(D).  Before reducing a sentence, the Court must also determine that the "defendant is not a danger to the safety of any other person or to the community."  *Id.* § 1B1.13(2).

Fleitas states that he exhausted administrative remedies by submitting a release request to the Pekin FCI warden more than 30 days ago, to which he has not received a response.  And he states that the COVID-19 pandemic, coupled with his age of 66 years and his preexisting medical conditions of high blood pressure, high cholesterol, and hepatitis C, constitute extraordinary and compelling reasons for his release.

Even if the Court accepts, without deciding, that Fleitas has exhausted administrative remedies and that he may present extraordinary and compelling reasons, the Court is unable to conclude that

2

his release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a), and is unable to conclude that he is not a danger to the safety of any other person or to the community. *See* 18 U.S.C. § 3553(a); *id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence); U.S.S.G. § 1B1.13(2) (requiring a court to conclude that the defendant "is not a danger to the safety of any person or to the community" before granting a reduction of sentence). Fleitas is serving a total 175-month sentence for two bank robbery convictions, and he has served well under one-half of that sentence thus far. He committed the second instance of bank robbery in 2017 while he was on supervised release for the first instance of bank robbery. This second instance involved Fleitas threatening a bank teller with a written note that stated that he had a gun and would kill someone.[1] *See* Case No. 9:17-cr-80120 (S.D. Fla.) at DE 20. For the purpose of sentencing, the Court determined that he qualified as a career offender. The 151-month sentence that he received for the second instance of bank robbery was at the bottom of the guideline range. In addition to the bank robberies, his criminal history includes multiple other violent felonies.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Vincent Fleitas's Motion to Reduce Sentence [DE 21] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of August, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record

---

[1] In exchange for his plea to this second instance of bank robbery, the Government agreed to the dismissal of an additional charge of bank robbery, where Fleitas similarly threatened a bank teller on a different occasion. *See* Case No. 9:17-cr-80120 (S.D. Fla.) at DE 7, DE 19, and DE 20.